share of the estate of Stephen W. Whitney, deceased. The claim was based upon the following writing:

"BROOKLYN, N. Y., *June* 9, 1922.

"I hereby agree to pay to the American Surety Company of New York out of my share of the estate of my father, Stephen W. Whitney, the loss which the said surety company sustained while acting as my surety in favor of the Albany City National Bank, at Albany, N. Y., amount of said loss being ten thousand dollars ($10,000).

"(Signed.)   GEORGE P. WHITNEY.

"Witness:

"MARGARET WHITNEY."

The Appellate Division held that the writing did not constitute an assignment and that there was no authority in the surrogate to direct payment of the amount.

*P. C. Dugan* for appellant.

*John A. Delehanty* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

EDWARD KLEIN et al., Copartners under the Firm Name of E. KLEIN & SON, Appellants, *v.* AARON KATZ et al., Copartners under Firm Name of KATZ, BROOKS & MESHEL, Respondents.

*Bills, notes and checks — action to recover upon trade acceptance.*

*Klein* v. *Katz*, 200 App. Div. 473, affirmed.

(Submitted February 27, 1924; decided April 1, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 17, 1922, which reversed a judgment in favor of plaintiffs entered upon an order of the trial court setting aside a verdict in favor of defendants and directing a verdict for plaintiffs and granted a new trial. The action was brought upon a trade acceptance for $2,004.37, dated January 26, 1920, and payable on October 5, 1920, accepted by defendants, and payable to the order of

Finn & Simmons Company. After the delivery of the acceptance to the payees, it was indorsed by them to one B. Kaufman, and by him subsequently indorsed and transferred to one Edward Roth, who in turn indorsed and delivered it to the plaintiffs, who .claimed to be the holders of value before maturity. The defenses were that the plaintiffs were not owners for value in due course; that the receiver in bankruptcy of the payees had title to the instrument, and finally that defendants were entitled to a credit of $854.49 thereon.

*Samuel Deutsch* for appellants.

*Isadore P. Eisenberg* and *Max Reich* for respondents.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PHILIP LEUN, as Administrator of the Estate of HERBERT LEUN, Deceased, Appellant, *v.* LESLIE G. BRIMMER, Respondent.

*Appeal — failure to file undertaking.*

*Leun* v. *Brimmer*, 203 App. Div. 643, appeal dismissed.

(Submitted February 25, 1924; decided April 1, 1924.)

APPEAL from a judgment, entered November 24, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion by defendant for judgment upon the pleadings, granted said motion and directed judgment in favor of defendant.

The motion was made upon the ground of failure to serve the required undertaking.

*Edward T. Costello* for motion.

No one opposed.

Motion granted and appeal dismissed, with costs and ten dollars costs of motion.